**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WIDE OCEAN, LLC and REACH-ALL CORP.,<br><br>Plaintiffs,<br><br>v.<br><br>FAMILY FOOD DISTRIBUTORS, INC. and FAMILY FOOD ECUADOR S.A. FAMODECSA,<br><br>Defendants. | Civil Action No. 2:26-cv-14460<br><br>Civil Action<br><br>**COMPLAINT WITH JURY DEMAND** |

Plaintiffs, Wide Ocean, LLC ("Wide Ocean") and Reach-All Corp. ("Reach-All," together with Wide Ocean, "Plaintiffs"), hereby submit this Complaint against Defendants, Family Food Distributors, Inc. ("Family Food Distributors") and Family Food Ecuador S.A. Famodecsa ("Famodecsa," together with Family Food Distributors, "FFD" or "Defendants"), and allege as follows:

## INTRODUCTION

1. This action arises from FFD's brazen breach of a Settlement Agreement and Mutual Release dated June 23, 2023 (the "Settlement Agreement"), which resolved a prior trademark infringement action before this Court captioned *Wide Ocean, LLC, et al. v. Family Food Distributors, Inc.*, Civil Action No. 2:23-cv-01323-EP-MAH (the "Prior Action").

2. In exchange for Plaintiffs' dismissal of the Prior Action, FFD promised to "immediately and forever cease" all uses of the GRAN ECUADOR trademark and trade dress in connection with canned tuna products throughout the world, to cease all use of the GRAN ECUADOR trademark in connection with any food products within sixty days, and to abandon and/or surrender every application and/or registration for the GRAN ECUADOR trademark

throughout the world.

3. Plaintiffs performed. FFD did not. More than three years after promising to exit the market, FFD's GRAN ECUADOR-brand canned tuna, the very same infringing product at issue in the Prior Action, remains on supermarket shelves. FFD has likewise failed to effectuate the abandonment and/or surrender of multiple applications and registrations, in the United States and abroad, including those specifically identified in the Settlement Agreement, each of which remain active of record.

4. Although not required to provide notice of breach, Plaintiffs provided such notice to FFD's counsel on October 8, 2026. FFD ignored that notice. Plaintiffs have therefore once again been forced to divert valuable time and resources from their small, family-owned businesses to address FFD's blatant infringement.

5. Plaintiffs bring this action to enforce the Settlement Agreement, to stop FFD's renewed infringement, to cancel the GRAN ECUADOR U.S. registration, to compel FFD to take the necessary steps to complete the abandonment and surrender of its foreign GRAN ECUADOR applications and registrations, and to recover the attorneys' fees and costs to which they are expressly entitled under the Settlement Agreement.

## THE PARTIES

6. Wide Ocean is a limited liability company organized and existing under the laws of the State of New Jersey, having a place of business at 107-45 Merrick Boulevard, Jamaica, New York. Wide Ocean is a family-owned business whose members are Marcos Raúl Cobena Bravo ("Mr. Bravo") and his son, Marcos Raúl Cobena Vera ("Mr. Vera"). Wide Ocean is the owner of the Van Ecuador brand and all associated intellectual property.

7. Reach-All is a corporation organized and existing under the laws of the State of

New York, having a place of business at 107-45 Merrick Boulevard, Jamaica, New York. Reach-All is a family-owned business whose sole owner is Mr. Bravo.

8. Upon information and belief, Family Food Distributors is a corporation organized and existing under the laws of the State of New Jersey, having a place of business at 969 Newark Turnpike, Unit D, Kearny, New Jersey 07032.

9. Upon information and belief, Famodecsa is a sociedad anónima organized and existing under the laws of the Republic of Ecuador and is an affiliate of Family Food Distributors. Famodecsa is a party to, and is bound by, the Settlement Agreement.

## **JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121, as this action involves claims arising under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, including claims for trademark infringement, false designation of origin and unfair competition, and cancellation of a federal trademark registration under 15 U.S.C. § 1119.

11. This Court has supplemental jurisdiction over Plaintiffs' claims for breach of contract and related state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a), because those claims are so related to Plaintiffs' Lanham Act claims that they form part of the same case or controversy. The state law claims and the Lanham Act claims arise from a common nucleus of operative fact, namely, FFD's continued use and registration of the GRAN ECUADOR trademark and trade dress after the Effective Date of the Settlement Agreement.

12. This Court has personal jurisdiction over Family Food Distributors because it is a New Jersey corporation with its principal place of business in New Jersey and because it markets and sells the goods at issue throughout the United States, including in this judicial district.

13. This Court has personal jurisdiction over both Defendants because Defendants agreed that this Court would have sole and exclusive jurisdiction over any disputes arising out of the Settlement Agreement.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) and because the parties agreed in the Settlement Agreement that the courts of New Jersey shall have sole and exclusive jurisdiction over disputes arising thereunder.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

***The Van Ecuador Brand, Trademarks, and Trade Dress***

15. For nearly two decades, the Van Ecuador brand has been associated with high-quality, nutritious, and responsibly sourced canned tuna. Van Ecuador-brand canned tuna is sold throughout the United States in single cans and multi-packs, with a particular emphasis on specialty supermarkets serving the Hispanic community.

16. The VAN ECUADOR trademarks, which consist of the VAN ECUADOR word and design marks and distinctive trade dress (together, the "VAN ECUADOR Trademarks"), have been in continuous use in the United States in connection with canned tuna products since as early as 2007.

17. The VAN ECUADOR design mark was registered with the United States Patent and Trademark Office ("USPTO") on July 15, 2008, as U.S. Reg. No. 3,465,992. Wide Ocean filed a Declaration of Incontestability for the VAN ECUADOR design mark on October 23, 2022, which the USPTO acknowledged on November 28, 2022.

18. The VAN ECUADOR design mark and associated goodwill were assigned to Wide Ocean on September 12, 2022. Wide Ocean has granted Reach-All exclusive rights to use the

VAN ECUADOR Trademarks in connection with the importation, marketing, and sale of Van Ecuador-brand products in the United States.

19. The VAN ECUADOR word mark was registered with the USPTO on November 21, 2023, as U.S. Reg. No. 7,222,245.

20. The Van Ecuador trade dress (the "Van Ecuador Trade Dress") includes a dark blue background with the VAN ECUADOR design mark in white next to a red ribbon displaying the term "TUNA" in white lettering; a second red ribbon displaying the phrase "SOLID PACK IN OIL" in white lettering; an image of tuna on a bed of lettuce with a tomato; a tab symbol bearing the words "EASY OPEN"; and three lines in the colors of the Ecuadorian flag.

***The Prior Action and the Settlement Agreement***

21. In August 2022, Plaintiffs discovered that FFD had begun marketing and selling competing canned tuna, in individual cans and four-packs, under the brand name GRAN ECUADOR, displayed in a stylized form confusingly similar to the VAN ECUADOR design mark and packaged in trade dress that copied nearly every element of the Van Ecuador Trade Dress.

22. On March 9, 2023, Plaintiffs commenced the Prior Action against Family Food Distributors in this Court, asserting claims for federal trademark infringement, trade dress infringement, federal unfair competition, common law unfair competition, and unfair competition under N.J.S.A. §§ 56:4-1 and -2.

23. Effective June 23, 2023 (the "Effective Date"), the Wide Ocean Parties (defined to include Wide Ocean, Reach-All, and any affiliated companies and persons) and FFD (defined to include Family Food Distributors, Famodecsa, and any affiliated companies and persons) entered into the Settlement Agreement. A copy of the Settlement Agreement is attached hereto as **Exhibit A**.

24. Paragraph 1 of the Settlement Agreement provides that FFD "shall immediately and forever cease all uses of the trademark GRAN ECUADOR (the 'GRAN ECUADOR Trademark') and the GRAN ECUADOR trade dress (the 'GRAN ECUADOR Trade Dress') … in connection with canned tuna products, throughout the world." Paragraph 1 further provides that FFD "shall, within sixty (60) calendar days of the Effective Date, forever cease all uses of the GRAN ECUADOR Trademark in connection with any food products, throughout the world."

25. Paragraph 2 of the Settlement Agreement provides that FFD "shall not seek to register the GRAN ECUADOR Trademark in any jurisdiction in the world, and further agrees that, within ten (10) calendar days of the Effective Date, FFD shall voluntarily abandon and/or surrender any trademark applications and/or registrations in any jurisdiction in the world for the GRAN ECUADOR Trademark, in word or stylized form, including, without limitation: (i) U.S. Ser. No. 97564148; (ii) U.S. Reg. No. 6714111; (iii) Mx. Ser. No. 0119852872953; (iv) EC Nos. SENADI-2022-94262; (v) EC Nos. SENADI-2022-94263; (vi) EC Nos. SENADI-2022-94264; and (vii) EC Nos. SENADI-2022-94262 [*sic*]."

26. Paragraph 17 of the Settlement Agreement provides that "[i]f a dispute arises with respect to the Agreement after it is executed, the prevailing Party shall be entitled to an award of reasonable attorneys' fees and costs in any legal action or proceeding instituted to enforce the breaching Party's obligations."

27. Plaintiffs fully performed their obligations under the Settlement Agreement, including by filing a Notice of Dismissal of the Prior Action, which was entered by the Court on June 29, 2023. The Notice of Dismissal did not retain jurisdiction over, or incorporate the terms of, the Settlement Agreement.

***FFD Breaches The Settlement Agreement***

28. Despite its unambiguous promises, FFD has not ceased use of the GRAN ECUADOR Trademark and GRAN ECUADOR Trade Dress.

29. On October 6, 2026, GRAN ECUADOR-brand canned tuna products, bearing the GRAN ECUADOR Trademark and the GRAN ECUADOR Trade Dress and identical to the infringing products at issue in the Prior Action, were being offered for sale at Flamingo Supermarket, 2581 N Hiatus Road, Hollywood, Florida 33026. Photographs of those products taken on October 6, 2026, and October 16, 2026, are below.




GRAN ECUADOR
TUNA-ATÚN
SOLID PACK IN OIL · LOMITOS EN ACEITE
IMPORTED AND DISTRIBUTED BY:
FAMILY FOOD DISTRIBUTORS, INC
PRODUCT OF ECUADOR /
PRODUCTO DE ECUADOR


EVERYDAY LOW PRICE!
GRAN ECUADOR
$1.49




30. Upon information and belief, FFD has continued to manufacture, import, distribute, and/or sell GRAN ECUADOR-brand canned tuna products in the United States after the Effective Date, and after the sixty-day wind-down period provided in Paragraph 1 expired, in direct violation of Paragraph 1 of the Settlement Agreement.

31. FFD also failed to comply with Paragraph 2 of the Settlement Agreement. Upon information and belief, on June 29, 2023, FFD filed a request for express abandonment of U.S. Serial No. 97564148. Notwithstanding that filing, the application matured to registration with the USPTO on October 3, 2023, as U.S. Registration No. 7181832 (the "GRAN ECUADOR Registration").

32. The GRAN ECUADOR Registration remains live on the Principal Register. FFD has not surrendered the GRAN ECUADOR Registration for cancellation, as Paragraph 2 of the Settlement Agreement requires. FFD's obligation to "abandon and/or surrender" any "applications

and/or registrations" for the GRAN ECUADOR Trademark continues until the GRAN ECUADOR Registration is surrendered and cancelled.

33. Paragraph 2 of the Settlement Agreement also required FFD to abandon and/or surrender its Mexican application and registration for the GRAN ECUADOR Trademark. On January 10, 2023, Family Food Distributors filed an application with the Mexican Institute of Industrial Property ("IMPI") to register the GRAN ECUADOR Trademark in Class 29, for goods including canned fish, Serial No. 0119852872953. That application is expressly identified in Paragraph 2 of the Settlement Agreement. That application matured to registration on May 26, 2023, as Mexican Registration No. 2552237 (the "Mexican GRAN ECUADOR Registration").

34. On October 23, 2023, IMPI issued an official letter confirming the voluntary cancellation of the Mexican GRAN ECUADOR Registration, although IMPI records have not yet been updated to reflect the cancellation. According to IMPI records, the Mexican GRAN ECUADOR Registration remains active in the name of Family Food Distributors, with an expiration date of May 26, 2033.

35. Paragraph 2 of the Settlement Agreement likewise required FFD to abandon and/or surrender its Ecuadorian applications for the GRAN ECUADOR Trademark identified therein. On December 12, 2022, Famodecsa filed applications with Ecuador's Servicio Nacional de Derechos Intelectuales ("SENADI") to register the GRAN ECUADOR Trademark under Application No. 2022-94262 (Class 29, including canned tuna), Application No. 2022-94263 (GRAN ECUADOR (stylized), Class 30), and Application No. 2022-94264 (Class 31). Famodecsa has withdrawn each of those applications. SENADI has not, however, processed those withdrawals, and according to SENADI records, each of those applications remains active in the name of Famodecsa.

36. In addition, Paragraph 2 of the Settlement Agreement requires FFD to abandon and/or surrender "any trademark applications and/or registrations in any jurisdiction in the world for the GRAN ECUADOR Trademark, in word or stylized form." That obligation extends to the following additional GRAN ECUADOR applications and registrations, each of which is owned by Famodecsa: (a) Application No. 2022-94265, filed December 12, 2022, for GRAN ECUADOR in Class 32; (b) Registration No. SENADI-2018-73992 in Class 29; (c) Registration No. SENADI-2018-73994 in Class 30; and (d) Registration No. IEPI-2018-34696 in Class 29. Famodecsa has withdrawn Application No. 2022-94265 and has surrendered each of the foregoing registrations. SENADI has not, however, processed the withdrawal or the voluntary surrenders, and according to SENADI records, Application No. 2022-94265 remains an active application and each of the foregoing registrations also remain active.

37. The Mexican GRAN ECUADOR Registration and the Ecuadorian applications and registrations discussed above (together, the "Foreign GRAN ECUADOR Filings") were required to be abandoned and/or surrendered within ten calendar days of the Effective Date. Although FFD has taken certain steps toward the cancellation, withdrawal, or surrender of the Foreign GRAN ECUADOR Filings, as described above, none of those steps has yet been given effect, and each of the Foreign GRAN ECUADOR Filings remains active according to the records of IMPI or SENADI, as applicable.

38. Paragraph 2 of the Settlement Agreement requires FFD to abandon and/or surrender the Foreign GRAN ECUADOR Filings, not merely to submit a request to do so. FFD's obligation therefore continues until each of the Foreign GRAN ECUADOR Filings has been cancelled, withdrawn, or surrendered of record, and FFD remains responsible for taking all further steps necessary to ensure that IMPI and SENADI give effect to its requests.

***Wide Ocean Provides Courtesy Notice of Default to FFD***

39. Although not required to do so under the terms of the Settlement Agreement, on October 8, 2026, Plaintiffs, through counsel, served written notice of FFD's breaches by electronic mail and Federal Express on counsel who represented FFD in the Prior Action and in connection with the Settlement Agreement.

40. In that notice, Plaintiffs demanded that, within five business days, FFD: (a) cease, and cause its distributors, customers, and affiliates to cease, all sales, distribution, and other use of the GRAN ECUADOR Trademark and GRAN ECUADOR Trade Dress, and recall all such products from the marketplace; (b) identify the source of the products sold at Flamingo Supermarket and the quantities of GRAN ECUADOR products sold or distributed after the Effective Date; (c) file with the USPTO a request for voluntary surrender for cancellation of the GRAN ECUADOR Registration; and (d) confirm in writing that FFD holds no other applications or registrations for the GRAN ECUADOR Trademark in any jurisdiction.

41. FFD did not respond to Plaintiffs' notice and demand.

42. FFD's continued use of the GRAN ECUADOR Trademark and GRAN ECUADOR Trade Dress, more than three years after promising to cease all such use and with full knowledge of Plaintiffs' rights, is knowing, willful, and intentional, or at a minimum in reckless disregard of Plaintiffs' rights.

43. As a result of FFD's conduct, Plaintiffs have suffered, and continue to suffer, lost sales, damage to the goodwill associated with the Van Ecuador brand, and irreparable harm for which there is no adequate remedy at law. Plaintiffs have also been forced to incur attorneys' fees and costs to enforce the Settlement Agreement.

**FIRST COUNT**
**(Breach of Contract – Settlement Agreement)**

44. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if stated fully herein.

45. The Settlement Agreement is a valid and binding contract between the Wide Ocean Parties and FFD.

46. Plaintiffs have performed all of their obligations under the Settlement Agreement.

47. FFD breached Paragraph 1 of the Settlement Agreement by failing to immediately and forever cease all uses of the GRAN ECUADOR Trademark and GRAN ECUADOR Trade Dress in connection with canned tuna products, and by failing to cease all uses of the GRAN ECUADOR Trademark in connection with any food products within sixty days of the Effective Date.

48. FFD breached Paragraph 2 of the Settlement Agreement by failing to abandon and/or surrender U.S. Serial No. 97564148 and the resulting GRAN ECUADOR Registration, and by maintaining the GRAN ECUADOR Registration on the Principal Register after the Effective Date.

49. FFD further breached Paragraph 2 by failing to timely and effectively abandon and/or surrender the Foreign GRAN ECUADOR Filings, including the Mexican GRAN ECUADOR Registration and the Ecuadorian applications and registrations identified above, and by failing to ensure that its cancellation, withdrawal, and surrender requests were given effect, such that each of the Foreign GRAN ECUADOR Filings remain active of record more than three years after the Effective Date.

50. As a direct and proximate result of FFD's breaches, Plaintiffs have suffered damages in an amount to be determined at trial, as well as irreparable harm, including the continued presence on the federal register of a mark confusingly similar to the VAN ECUADOR Trademarks.

51. Pursuant to Paragraph 17 of the Settlement Agreement, Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs incurred in enforcing FFD's obligations.

**SECOND COUNT**
**(Specific Performance of the Settlement Agreement)**

52. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if stated fully herein.

53. The terms of the Settlement Agreement are clear, definite, and enforceable.

54. Plaintiffs have performed, and remain ready, willing, and able to perform, all of their obligations under the Settlement Agreement.

55. Monetary damages alone are inadequate to remedy FFD's breaches, which threaten continuing and irreparable harm to the goodwill and reputation of the Van Ecuador brand and the integrity of the VAN ECUADOR Trademarks.

56. Plaintiffs are therefore entitled to an order of specific performance compelling FFD to comply with Paragraphs 1 and 2 of the Settlement Agreement, including by ceasing all use of the GRAN ECUADOR Trademark and GRAN ECUADOR Trade Dress, recalling all such products from the marketplace, surrendering the GRAN ECUADOR Registration for cancellation, and taking all steps necessary to ensure that the cancellation, withdrawal, or surrender of each of the Foreign GRAN ECUADOR Filings is processed and reflected in the records of IMPI and SENADI, as applicable.

**THIRD COUNT**
**(Federal Trademark Infringement Under 15 U.S.C. § 1114)**

57. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if stated fully herein.

58. The VAN ECUADOR word mark is valid and enforceable.

59. The VAN ECUADOR design mark is valid, enforceable, and incontestable.

60. Since the Effective Date, and without Plaintiffs' consent, FFD has used in commerce the GRAN ECUADOR Trademark, a mark confusingly similar to the VAN ECUADOR design mark, in connection with goods identical to those sold by Plaintiffs, through the same channels of trade and to the same classes of consumers.

61. FFD's use of the GRAN ECUADOR Trademark is likely to cause confusion, mistake, or deception as to the source, origin, sponsorship, or approval of FFD's products, and as to FFD's affiliation, connection, or association with Plaintiffs.

62. Any consent or license FFD may have had to sell off remaining inventory under the Settlement Agreement was limited in scope and has expired, and FFD's continued use exceeds the scope of any such consent.

63. FFD's conduct constitutes infringement of Wide Ocean's federally registered trademarks in violation of 15 U.S.C. § 1114(1).

64. FFD's infringement, undertaken with knowledge of Plaintiffs' rights and in violation of its express promises in the Settlement Agreement, is willful and malicious, rendering this an exceptional case under 15 U.S.C. § 1117(a).

65. FFD's conduct has caused, and unless enjoined will continue to cause, irreparable harm to Plaintiffs for which there is no adequate remedy at law. Plaintiffs are entitled to injunctive

relief under 15 U.S.C. § 1116, including the rebuttable presumption of irreparable harm provided therein.

**FOURTH COUNT**
**(Trade Dress Infringement, False Designation of Origin, and Unfair Competition Under 15 U.S.C. § 1125(a))**

66. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if stated fully herein.

67. The Van Ecuador Trade Dress is nonfunctional, inherently distinctive, and has acquired secondary meaning through long-time, continuous use in connection with canned tuna, such that it is uniquely and exclusively associated with the Van Ecuador brand.

68. Since the Effective Date, FFD has used in commerce the GRAN ECUADOR Trademark and GRAN ECUADOR Trade Dress, which are confusingly similar to the VAN ECUADOR Trademarks and Van Ecuador Trade Dress, in connection with identical goods.

69. FFD's conduct constitutes a false designation of origin and a false or misleading representation of fact that is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of FFD with Plaintiffs, and as to the origin, sponsorship, or approval of FFD's goods, in violation of 15 U.S.C. § 1125(a).

70. FFD's conduct is knowing, willful, and intentional.

71. FFD's conduct has caused, and unless enjoined will continue to cause, damage and irreparable harm to Plaintiffs for which there is no adequate remedy at law.

**FIFTH COUNT**
**(Cancellation of U.S. Registration No. 7181832 Under 15 U.S.C. §§ 1119 and 1064)**

72. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if stated fully herein.

73. Pursuant to 15 U.S.C. § 1119, in any action involving a registered mark, the Court may order the cancellation of registrations, in whole or in part, and otherwise rectify the register with respect to the registrations of any party to the action.

74. This action involves the registered VAN ECUADOR word and design marks and the GRAN ECUADOR Registration.

75. Plaintiffs have a real interest in the cancellation of the GRAN ECUADOR Registration and a reasonable belief that they are damaged, and will continue to be damaged, by its continued registration, because the GRAN ECUADOR Registration covers a mark confusingly similar to the VAN ECUADOR Trademarks, conflicts with Plaintiffs' prior rights, and was required to be abandoned and/or surrendered under the Settlement Agreement.

76. The GRAN ECUADOR Registration issued on October 3, 2023, less than five years before the filing of this Complaint, and is therefore subject to cancellation on any ground that would have precluded registration, pursuant to 15 U.S.C. § 1064(1).

77. The GRAN ECUADOR Registration should be cancelled under 15 U.S.C. § 1052(d) because the registered mark so resembles the VAN ECUADOR design mark as to be likely, when used on or in connection with FFD's goods, to cause confusion, to cause mistake, or to deceive.

78. The GRAN ECUADOR Registration should also be cancelled because FFD is contractually obligated under Paragraph 2 of the Settlement Agreement to abandon and/or surrender it.

79. Plaintiffs are entitled to an order directing the Director of the USPTO to cancel U.S. Registration No. 7181832 in its entirety.

**SIXTH COUNT**
**(New Jersey Common Law Unfair Competition)**

80. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if stated fully herein.

81. FFD's conduct, as aforesaid, constitutes unfair competition under the common law of the State of New Jersey.

82. FFD's conduct, as aforesaid, constitutes a pattern of intentional and willful unfair competition.

83. FFD's conduct, as aforesaid, has caused, and is continuing to cause, both ascertainable and unquantifiable damages to Plaintiffs including, without limitation, damages to Plaintiffs' business, business reputation, and business relations.

**SEVENTH COUNT**
**(Unfair Competition – N.J.S.A. §§ 56:4-1 & -2)**

84. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if stated fully herein.

85. Pursuant to N.J.S.A. § 56:4-1, "[n]o merchant, firm or corporation shall appropriate for his or their own use a name, brand, trade-mark, reputation or goodwill of any maker in whose product such merchant, firm or corporation deals."

86. Pursuant to N.J.S.A. § 56:4-2, any person violating N.J.S.A. § 56:4-1 "shall be liable, at the suit of the maker of such branded or trade-marked products, or any other injured person, to an injunction against such practices, and shall be liable in such suit for all damages, directly or indirectly caused, to the maker by such practices, which damages may be trebled in the discretion of the court."

87. FFD's conduct since the Effective Date, as aforesaid, constitutes the misappropriation and tortious exploitation of the VAN ECUADOR Trademarks and the reputation and goodwill associated with the Van Ecuador brand, in violation of N.J.S.A. § 56:4-1.

88. FFD's conduct has caused, and is continuing to cause, both ascertainable and unquantifiable damages to Plaintiffs including, without limitation, damages to Plaintiffs' business, business reputation, and business relations, for which FFD is liable under N.J.S.A. § 56:4-2.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants, jointly and severally, as follows:

(A) An Order of specific performance compelling FFD to comply with Paragraphs 1 and 2 of the Settlement Agreement;

(B) An Order preliminarily and permanently enjoining and restraining FFD, and any and all of its respective parent companies, affiliates, subsidiaries, officers, employees, agents, representatives, members, and all other persons acting in concert or participation with any of them, from using the GRAN ECUADOR Trademark, the GRAN ECUADOR Trade Dress, the VAN ECUADOR Trademarks, or any confusingly similar trademark or trade dress, in connection with canned tuna or any other food products, for any purpose, throughout the world;

(C) An Order requiring FFD to recall from all distributors, retailers, and customers, including Flamingo Supermarket, all products bearing the GRAN ECUADOR Trademark or GRAN ECUADOR Trade Dress, and, pursuant to 15 U.S.C. § 1118, to deliver up for destruction all such products, packaging, labels, and materials in its possession, custody, or control;

(D) An Order pursuant to 15 U.S.C. § 1119 directing the Director of the United States Patent and Trademark Office to cancel U.S. Registration No. 7181832 in its entirety, and further ordering FFD to file a request for voluntary surrender for cancellation of that registration; to take

all steps necessary to ensure that the abandonment, withdrawal, surrender, and cancellation of each of the Foreign GRAN ECUADOR Filings, including Mexican Registration No. 2552237, Ecuadorian Application Nos. 2022-94262, 2022-94263, 2022-94264, and 2022-94265, and Ecuadorian Registration Nos. SENADI-2018-73992, SENADI-2018-73994, and IEPI-2018-34696, is processed and reflected in the records of IMPI and SENADI, as applicable; to provide Plaintiffs with proof of each such filing and its processing; and to abandon or surrender any other application or registration for the GRAN ECUADOR Trademark in any jurisdiction;

(E) An Order requiring FFD to identify, under oath, the source of the GRAN ECUADOR products sold at Flamingo Supermarket and all persons to whom FFD has sold or distributed GRAN ECUADOR products since the Effective Date;

(F) An Order pursuant to 15 U.S.C. § 1116(a) requiring FFD to file with the Court and serve on Plaintiffs, within thirty (30) days after entry of an injunction, a written report under oath setting forth in detail the manner and form in which FFD has complied with the injunction;

(G) An Order requiring an accounting of FFD's sales and profits arising from its unlawful conduct since the Effective Date;

(H) An award, pursuant to 15 U.S.C. § 1117(a), of (i) all of FFD's profits arising from its unlawful conduct; (ii) all damages sustained by Plaintiffs; and (iii) enhanced damages up to three times the amount found;

(I) Compensatory and consequential damages for FFD's breaches of the Settlement Agreement in an amount to be determined at trial;

(J) All monetary and non-monetary damages, including, without limitation, treble damages, provided for under N.J.S.A. § 56:4-2;

(K) An award of Plaintiffs' reasonable attorneys' fees and costs pursuant to Paragraph 17 of the Settlement Agreement and 15 U.S.C. § 1117(a);

(L) An award of pre- and post-judgment interest; and

(M) Such other and further relief as the Court may deem just and equitable under the circumstances.

**JURY DEMAND**

Pursuant to FED. R. CIV. P. 38(b) and L. CIV. R. 38.1, Plaintiffs hereby demand a trial by jury on all issues so triable.

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

The undersigned counsel for Plaintiffs hereby certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding. The matter in controversy is related to *Wide Ocean, LLC, et al. v. Family Food Distributors, Inc.*, Civil Action No. 2:23-cv-01323-EP-MAH (D.N.J.), which was voluntarily dismissed with prejudice on June 29, 2023, and which is no longer pending.

Respectfully submitted,

**COLE SCHOTZ P.C.**
*Attorneys for Plaintiffs, Wide Ocean, LLC and Reach-All Corp.*

By: */s/ David S. Gold*
David S. Gold, Esq.
dgold@coleschotz.com
Elizabeth A. Carbone, Esq.
ecarbone@coleschotz.com
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Phone: (201) 489-3000

Dated: November 4, 2026